UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT LEROY MCCOY #55949/412412 | CIVIL ACTION NO. 19-cv-1066 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JULIAN WHITTINGTON, ET AL. | MAGISTRATE JUDGE HORNSBY |

### ORDER

Plaintiff Robert Leroy McCoy ("Plaintiff"), a state prisoner housed at Bossier Maximum Security facility appearing *pro se* and *in forma pauperis*, initiated this action under 42 U.S.C. § 1983. Plaintiff filed suit asserting multiple claims, including denial of medical care, failure to protect from inmate attack, denial of procedural due process, and related claims. The Magistrate Judge issued a Report and Recommendation recommending that this Court grant in part and deny in part Defendants' Motion for Summary Judgment. [Record Document 64]. Plaintiff filed an objection to the Report and Recommendation. Record Document 67. Having carefully reviewed the Report and Recommendation and the entire record, including Plaintiff's objection, the Court **ADOPTS** the Report and Recommendation to the extent that it dismisses the following: all claims associated with medical appointments made after Plaintiff arrived in Bossier Parish; all claims of verbal abuse, insults, and threats; all claims based on failure to protect; all claims based on procedural due process; all claims for violations of jail policy or state laws or regulations, except for any jail policy or state laws or regulations pertaining to physician-prescribed diets; and all claims against Sergeant Anthony Evans and Deputy E. Downey. Further, the Court **ADOPTS** the portion of the Report and Recommendation

1

that denies the motion for summary judgment with respect to Plaintiff's claim that he was denied a physician-prescribed low-sodium diet by Deputy Craig Stokes, Assistant Warden Jason Porter, and Sergeant Dee Barnett. However, the Court **DECLINES** to adopt the portion of the Report and Recommendation that dismisses Sheriff Julian Whittington ("Whittington") and Warden Boyer ("Boyer") as it pertains to the denial of Plaintiff's physician-prescribed low-sodium diet. As such, the Court modifies the Report and Recommendation for the following reasons.

The Fifth Circuit has found that the denial of a medically prescribed diet may amount to deliberate indifference to a serious medical need. See *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756 (5th Cir. 2018) (finding potential constitutional violation when diabetic prisoner was denied special diet during lockdown and suffered heart attack). The Magistrate Judge recommended that Whittington and Boyer should be dismissed because they did not have personal involvement in the alleged denial of Plaintiff's low-sodium diet and cannot be held liable under a *respondeat superior* theory. Record Document 64, p. 6 (citing *Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999)). The Court agrees that the claims against Whittington and Boyer should be dismissed to the extent that Plaintiff is asserting that they are liable in their supervisory capacity. However, the Court finds that Plaintiff is not only suing Whittington and Boyer in their supervisory roles. The Court finds that a reasonable interpretation of Plaintiff's complaint charges Whittington and/or Boyer for instituting a policy, practice, or custom of not providing special medical diets to inmates, which amounted to a constitutional violation. When a supervisor is not personally involved in the alleged constitutional deprivation, he

or she may be held liable if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). To demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304 (cleaned up). Whittington and/or Boyer can be held liable if they "knew the jail's system was so deficient as to expose prisoners to substantial risk of significantly unmet serious medical needs—i.e., was unconstitutional—and failed to properly attempt to correct it, *and* . . . [their] action or inaction in this respect caused [Plaintiff's] injuries. *Id.* (emphasis in original).

Here, Plaintiff swore under the penalty of perjury that Assistant Warden Jason Porter told him that "they do not provide special diets here and don't expect one." Record Document 9, p. 1. Courts are required to construe a pro se litigant's argument broadly. *See Brunson v. Nichols*, 875 F.3d 275, 277 (5th Cir. 2017). Construing Plaintiff's complaint broadly, the Court infers this as an argument that Whittington and/or Boyer, as the policymakers, violated Plaintiff's Eighth Amendment rights by instituting a constitutionally deficient policy or custom. There is a dispute of material fact as to whether the Bossier Maximum jail system was constitutionally insufficient as it pertains to the provision of physician-prescribed diets and if Whittington and/or Boyer knew of such deficiencies and failed to correct them. Therefore, based on the current evidence in the record, Whittington and Boyer should not be dismissed at this time.

Accordingly, **IT IS ORDERED** that the Motion for Summary Judgment [Record Document 49] is **GRANTED IN PART** and **DENIED IN PART**. The motion for summary judgment is **DENIED** with respect to Plaintiff's claims against Defendants Sheriff Julian Whittington, Warden Boyer, Deputy Craig Stokes, Assistant Warden Jason Porter, and Sergeant Dee Barnett for the denial of Plaintiff's physician-prescribed low-sodium diet. The motion for summary judgment is **GRANTED** as to all remaining claims. These claims are **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to terminate Sergeant Anthony Evans and Deputy E. Downey as Defendants.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 30th day of March, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE